```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 09-61175-CIV-ZLOCH

TIMOTHY W. BENTON,

     Plaintiff,

vs.                                     DEFAULT FINAL JUDGMENT

TAKHAR COLLECTION SERVICES LTD.,

     Defendant.
                                     /
```

THIS MATTER is before the Court upon Plaintiff Timothy W. Benton's Motion For Default Final Judgment (DE 8). The Court has carefully reviewed said Motion, the entire Court file and is otherwise fully advised in the premises.

Defendant Takhar Collection Services Ltd. was duly served with a copy of the Summons and Complaint filed herein on November 23, 2009. See DE 3-1. It has failed to file an appropriate Motion or responsive pleading within the time prescribed by law. Default was previously entered against it on December 18, 2009. See DE 4. Plaintiff Timothy W. Benton now moves for Default Final Judgment.

The well-pleaded allegations made in Plaintiff's Complaint (DE 1) are deemed to have been admitted by Defendant by virtue of its default. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005)(citations omitted). Thus, the Court finds that Defendant made telephone calls to Plaintiff that were in

violation of the Fair Debt Collection Practices Act ("FDCPA") as Defendant failed to inform Plaintiff that its calls were from a debt collector,[1] in violation of 15 U.S.C. §1692e(11), and it failed to make a meaningful disclosure of the nature of its business,[2] in violation of 15 U.S.C. §1692d(6).  Additionally, Defendant's telephone messages violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72, by engaging in conduct the natural consequence of which is to harass,[3] in violation of Fla. Stat. § 559.72(7).  The Court further finds that Defendant Takhar Collection Services Ltd. violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), by placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or the use of an artificial or pre-recorded voice without Plaintiff's prior express consent.[4]

Plaintiff is entitled to statutory damages in the amount of $1,000.00 for Defendant's violation of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and

---

[1] See DE 1, ¶¶ 13-14.

[2] See id.

[3] See id. at ¶¶ 10-11.

[4] See id. at ¶¶ 15-17.

$1,000.00 for Defendant's violation of the Florida Consumer Collection Practices Act, pursuant to Fla. Stat. § 559.77(2). The Court also finds that Plaintiff is entitled to $2,500.00[5] in statutory damages for Defendant's violation of the Telephone Consumer Practice Act, pursuant to 47 U.S.C. § 227(b)(3)(B). Thus, Plaintiff is entitled to and shall recover a total of $4,500.00.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the parties hereto and the subject matter herein;

2. Plaintiff Timothy W. Benton's Motion For Default Final Judgment (DE 8) be and the same is hereby **GRANTED**;

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff Timothy W. Benton and against Defendant Takhar Collection Services Ltd.;

4. Plaintiff Timothy W. Benton does have and recover from Defendant Takhar Collection Services Ltd. the sum of $4,500.00 together with interest thereon at a rate of 0.38% per annum, for

---

[5] Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages in the amount of $500.00 for each violation. There were five distinct violations. <u>See</u> DE 9. Therefore, Plaintiff is entitled to recover a total of $2,500.00 in statutory damages on his TCCPA claim.

3

all of which let execution issue;

5. Defendant is permanently enjoined from placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent;

6. The Court shall retain jurisdiction solely for the purpose of entertaining a Motion For Attorney's Fees that comports with the dictates of Local Rule 7.3.A; and

7. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   24th   day of May, 2010.

  _____
  WILLIAM J. ZLOCH
  United States District Judge

Copies furnished:

All Counsel of Record

Takhar Collection Services Ltd.
725 Coronation Blvd.
Suite 207
Ontario N1R 7S9
Cambridge
Canada